UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Zar El Javon-Martise Thomas Bey, | Case No. 0:22-cv-40 (KMM/TNL) |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Checkr, Inc., | |
| Defendant. | |

---

This matter is before the Court on Defendant Checkr, Inc.'s, ("Checkr") Motion to Dismiss. [ECF No. 4]. In his Complaint, Plaintiff Zar El Javon-Martise Thomas Bey alleges that Checkr wrongfully reported that he had a pending felony charge in a background check requested by DoorDash, Inc. ("DoorDash"). Mr. Thomas Bey alleges that he suffered damages because DoorDash terminated its contract with him as a result of Checkr's report. Checkr argues that any tort claim is preempted by the Fair Credit Reporting Act (FCRA), and that the Complaint fails to state a claim under the FCRA because their report to DoorDash was accurate. For the reasons stated below, the Court agrees and grants Checkr's Motion.

I.  **Background**[1]

Mr. Thomas Bey started working as a contract driver for DoorDash in 2018.

---

[1] The following background is taken from the allegations in the Complaint.

1

DoorDash hired Checkr to conduct background checks on its contract drivers, including Mr. Thomas Bey. In November 2020, Checkr provided DoorDash a report on its background check indicating that Mr. Thomas Bey was charged with fleeing a police officer in 2020 in Anoka County, Minnesota. As a result of this report, DoorDash terminated its contract with Mr. Thomas Bey.

Mr. Thomas Bey brought a defamation claim against Checkr in state court, alleging that Checkr's report injured his reputation and employment prospects. Checkr removed the case to this District and filed the instant Motion to Dismiss for failure to state a claim.

II.   Analysis

   A.  Legal Standard

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face." *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (quotation omitted). The facts alleged in the complaint must "rise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering such a motion to dismiss, the court takes all factual allegations in the complaint as true and construes all reasonable inferences therefrom in favor of the plaintiff. *Morton v. Becker*, 793 F.3d 185, 187 (8th Cir. 1986). However, the Court does not take as true wholly conclusory allegations or the legal conclusions reached by the

plaintiff. *Id.*; *Westcott v. City of Omaha*, 901 F.2d 1486 (8th Cir. 1990). Although these rules will be applied in the instant case, Mr. Thomas Bey is entitled to some latitude because he is pro se. In addition to being afforded all reasonable favorable inferences, because he is unrepresented, Mr. Thomas Bey is entitled to the benefit of a liberal reading of his pleadings and other filings. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *Stennes v. Summit Mortgage Corp.*, No. 12-cv-913 (SRN/AJB), 2012 WL 5378086 (D. Minn. Oct. 31, 2012).

### B.  Materials Considered

Generally, when considering a motion to dismiss, a court must ignore materials outside of the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). However, the court may consider some materials that are (1) "part of the public record," (2) "do not contradict the complaint," or (3) are "necessarily embraced by the pleadings." *Id.* (quotations omitted) (citing *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) and *Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co.*, 967 F. Supp. 1148, 1152 (D. Minn. 1997)). Because a motion under Rule 12(b)(6) "will succeed or fail based upon the allegations contained on the face of the complaint," a court's consideration of materials outside of the complaint converts the motion to one for summary judgment. *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687–88 (8th Cir. 2003) ("Rule 12(b) is not permissive.").

Checkr has submitted the following documents with its briefing:

- An order from the Minnesota state court pre-removal denying Mr. Thomas Bey's application to proceed in forma pauperis [ECF No. 7-1]

- A copy of the docket in an Anoka County criminal case in which Mr. Thomas Bey is the defendant [ECF No. 17-3]

- Copies of three of Mr. Thomas Bey's filings in the criminal case [ECF Nos. 17-4–5]

- A copy of an order in the criminal case [ECF No. 17-6]

- A copy of a court-record search pertaining to a 2009 criminal case against Mr. Thomas Bey in the State of Michigan [ECF No. 17-7]

With his briefing, Mr. Thomas Bey has attached four reports Checkr prepared for various companies. [ECF No. 15-1]. None of these reports are the one which Mr. Thomas Bey alleges led to the termination of his contract with DoorDash.[2]

Checkr asserts that the Court can consider its exhibits as documents in the public record. The Court agrees, as all of Checkr's exhibits are court documents or publicly available records. *See Hester v. Redwood Cty.*, 885 F. Supp. 2d 934, 942 (D. Minn. 2012) ("Public records, such as some court documents, are part of the public record and may

---

[2] In a footnote in its reply memorandum, Checkr asserts that Mr. Thomas Bey "did not attach such a November 2020 report, since no such report exists as Checkr did not prepare a report about Plaintiff in November 2020." [ECF No. 17 at 3 n.2]. However, elsewhere in its memoranda, Checkr repeatedly refers to a November 2020 report it prepared for DoorDash. This apparent contradiction is of no consequence because, even if Checkr were to consistently argue that it never prepared such a report, the Court must take the allegations in the Complaint as true. Mr. Thomas Bey alleges that Checkr prepared a report in November 2020, and Checkr treats that allegation as true everywhere except the aforementioned footnote.

4

be considered under Rule 12(b)(6)."); *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (affirming district court's granting of motion to dismiss based on state court document); *Newman v. JP Morgan Chase Bank, N.A.*, 81 F. Supp. 735, 742 (D. Minn. 2015) (considering state court's order).

Checkr also argues that the Court may consider Mr. Thomas Bey's exhibits because they are "attached to [his] response." [ECF No. 17 at 7]. Here, the Court disagrees. The rule Checkr cites refers to documents attached to *pleadings*, not responsive memoranda. *See* Fed. R. Civ. P. 10(c). Moreover, none of the reports Mr. Thomas Bey includes are the one "whose contents are alleged in the complaint," and all are therefore outside of the pleadings. *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (stating that documents "whose contents are alleged in a complaint" are necessarily embraced by the pleadings). Accordingly, the Court will not take notice of Mr. Thomas Bey's exhibits.[3]

### C. Fair Credit Reporting Act and Defamation Claims

In his Complaint, Mr. Thomas Bey alleged that Checkr's report intentionally "damaged his reputation, character, and infringed on his ability to conduct productive business and pursue happiness" and was "an act of libel." [ECF No. 1-1 at 5]. In its memorandum in support of its Motion to Dismiss, Checkr argued that the Fair Credit

---

[3] Even if the Court were to consider these exhibits, they would not change the Court's analysis or conclusion, as they are irrelevant to the allegations in the Complaint.

5

Reporting Act (FCRA) preempts Mr. Thomas Bey's defamation claims. In response, Mr. Thomas Bey argues that the Complaint states a claim under the FCRA and appears to abandon his state-law defamation claims. [*See* ECF No. 14 (stating that Mr. Thomas Bey "respectfully requests for this Court to deny Defendant's Motion to Dismiss" because he "has shown a legitimate . . . claim under" the FCRA)].

The FCRA creates a civil cause of action for consumers who are injured by certain acts of consumer reporting agencies.[4] The statutes provides in relevant part:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e); *see id.* §§ 1681n–1681o (providing civil causes of action).

Checkr argues that the Court should disregard the portions of Mr. Thomas Bey's memoranda pertaining the FCRA because such a claim was not asserted in the Complaint. Alternatively, Checkr argues, Mr. Thomas Bey's memoranda should be construed as a motion to amend the Complaint to add a claim under the FRCA. However, the Court need not adopt either suggestion, because even if the Court were to liberally construe the Complaint as asserting a claim under the FRCA or grant leave to

---

[4] Mr. Thomas Bey does not contest that Checkr is a consumer reporting agency.

amend to add such a claim, the Complaint would still fail to state a claim on which relief can be granted. *Lansing v. Wells Fargo, N.A.*, 894 F.3d 967, 973–74 (8th Cir. 2018) (stating that leave to amend may be denied where the proposed amendment would be futile).

To state a claim under the FCRA, a consumer must, as an initial matter, show that the defendant consumer reporting agency "prepared a report containing inaccurate information." *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991) (collecting cases). While Mr. Thomas Bey at times asserts that Checkr's report that he had a pending charge of fleeing a police officer in Anoka County was incorrect because he "never had a charge of 'Failure to Stop' placed on his Anoka County criminal record," this is belied by both the docket from that case and his own repeated acknowledgment that he had been so charged.[5] [ECF No. 15 at 2; *accord* ECF No. 17-3]. Mr. Thomas Bey also alleges that Checkr's report was inaccurate because he had not been convicted of the offense. However, the Complaint alleges that Checkr's report indicated only that he had a pending *charge* of fleeing a police officer—not a *conviction*. For these reasons, Mr. Thomas Bey fails to state a claim that the contested report was inaccurate.

---

[5] Indeed, in the very next sentence, Mr. Thomas Bey states that he "has not been convicted of this charge nor has he given any plea." [ECF No. 15 at 2]. Mr. Thomas Bey appears to conflate a charge with a conviction.

7

Mr. Thomas Bey also suggests that Checkr's report of the charge, while not inaccurate, violated the FCRA because that is not the sort of information a credit reporting agency may report. This argument is incorrect. The statute exempts "records of arrest that, from the date of entry, antedate the report by more than seven years or until the governing statute of limitation has expired, whichever is the longer period." 15 U.S.C. § 1681c(a)(2). "Records of arrest" includes criminal charges. *See, e.g., Finch v. CoreLogic / SafeRent*, No. 14 C 7981, 2016 WL 5391151, at *3–4 (N.D. Ill. Sep. 27, 2016) (granting summary judgment for defendant in an FCRA action where agency's report included information that plaintiff had been charged with a crime); *McCann v. CareerBuilding Emp. Screening, LLC*, 2:18-CV-4105-MDH, 2018 WL 3978994 (W.D. Mo. Aug. 20, 2018) (same); *Haro v. Shilo Inn*, No. 08-6360-AA, 2009 WL 2252105 (D. Or. July 27, 2009) (granting summary judgment for agency where its background check accurately reported that consumer had been charged with a crime).

Finally, the Complaint alleges that Checkr prepared its report "with the intent to damage his reputation [and] character." As evidence of such intent, Mr. Thomas Bey argues that in reports prepared after the filing of this report, Checkr included convictions from another state that were more than 12 years old and had not been reported before. However, to the extent that Mr. Thomas Bey maintains his defamation claim on the basis that the report was furnished "with malice or willful intent to injure," such an assertion also fails as a matter of law. The exception to the FCRA's preemption

8

provision requires, in addition to malice or willful intent, that the information reported be false. 15 U.S.C. § 1681h(e). As discussed above, the assertion that Mr. Thomas Bey had been charged with fleeing a police officer was not false.

### III.    Order

For the reasons discussed above, **IT IS HEREBY ORDERED that** Checkr, Inc.'s Motion to Dismiss [ECF No. 4] is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: June 23, 2022

                                                       *s/Katherine Menendez*
                                                      Katherine Menendez
                                                      United States District Judge